IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GEORGE W. HENRY, : | |
| : | |
| Plaintiff, : | CASE NO. |
| v. : | 5:12-cv-309 (CAR) |
| : | |
| CALUSA INVESTMENTS, LLC; HSBC : | |
| MORTGAGE SERVICES INC.; and : | |
| MORTGAGE ELECTRONIC : | |
| REGISTRATION SYSTEMS, INC.; : | |
| : | |
| Defendants. : | |

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff filed this action for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § § 2201-2202 (the "Act"), seeking a declaratory judgment as to the "true identity" of the owner and holder of his mortgage loan.  Currently before the Court is Defendants HSBC Mortgage Services Inc.'s ("HSBC") and Mortgage Electronic Systems, Inc.'s ("MERS") Motion to Dismiss [Doc. 5] Plaintiff's Complaint.  Plaintiff, who is represented by counsel, did not file a response to the Motion. Having considered the Motion and applicable law, the Court hereby **GRANTS** Defendants' Motion [Doc. 5], and Plaintiff's Complaint is hereby **DISMISSED**.

## STANDARD OF REVIEW

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[1] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[2] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[4] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[5] Factual allegations must be enough to raise a right to relief above the speculative level.[6]

---

[1] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).
[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[3] *Id.*
[4] *Twombly*, 550 U.S. at 556.
[5] *Id.* at 545.
[6] *Id.*

## BACKGROUND

According to the Complaint, on September 13, 2006, Plaintiff obtained a mortgage loan from Defendant Calusa Investments, LLC ("Calusa").[7] Plaintiff executed a promissory note for $285,900.00 in favor of Calusa ("Note").[8] As security for repayment of the loan, Plaintiff executed a security deed in favor of MERS as nominee for Calusa, which was recorded in the public records of Putnam County, Georgia ("Security Deed").[9] On January 27, 2012, the Security Deed was assigned from MERS to HSBC via an assignment recorded in the public records of Putnam County.[10]

Plaintiff then alleges that he is confused about the "true identity" of the entity that holds the servicing rights to the Note and/or the Security Deed.[11] This confusion, Plaintiff claims, has prevented him from engaging in "meaningful loss mitigation."[12] Plaintiff claims he is in "immediate danger" of (1) being delinquent on payments due under the Note; (2) being in default; (3) having all payments due under the Note accelerated; (4) having negative items reported on his credit report; (5) being unable to engage in modification or other loss mitigation; (6) being foreclosed upon; and (7) being evicted.[13] Plaintiff claims his attempts to ascertain the identity of the holder of the Note

---

[7] Compl. ¶ 9,
[8] *Id.*
[9] *Id.*
[10] *Id.* at ¶ 10.
[11] *Id.* at ¶ 13.
[12] *Id.*
[13] *Id.* at ¶ 16.

and Security Deed have been unsuccessful.[14] Thus, Plaintiff asks the Court to enter a declaratory judgment addressing the identity of the "legitimate owner and holder of the Note and/or Security Deed, "[15] including the identity of the entity that has the servicing rights, the right to receive payments, the right to access penalties, the right to issue delinquency notice, the right to engage in debt collection practices, the right to take adverse action against Plaintiff, the right to declare Plaintiff in default, and the right to accelerate any payments due.[16]

Defendants move to dismiss Plaintiff's Complaint for failure to state an actual controversy under the Declaratory Judgment Act and thus failure to state a claim for relief.  Plaintiff did not respond to Defendant's arguments.

## DISCUSSION

The Declaratory Judgment Act, 28 U.S.C. § 2201(a) (the "Act"), provides in pertinent part:

> In a case of actual controversy, within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relation of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

---

[14] *Id.* at ¶ 19.
[15] *Id.* at ¶ 14(a).
[16] *Id.* at ¶ ¶

4

"[I]n actions brought under the Declaratory Judgment Act . . . 'the threshold question is whether a justiciable controversy exists.'"[17] To show a justiciable controversy, the party invoking federal jurisdiction must allege facts "at an irreducible minimum, that at the time the complaint was filed, he has suffered some actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenge action, and that the injury is likely to be redressed by favorable court disposition."[18]  The controversy must be "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[19]

Here, Plaintiff fails to meet these basic pleading requirements to establish that a justiciable controversy exists.  Plaintiff fails to adequately allege he has suffered an actual or threatened injury as a result of Defendants' conduct. Plaintiff's allegation that because he is uncertain about which entity holds the Note and Security Deed, he is in "immediate danger" of defaulting on the Note and Security Deed which will lead to negative reporting and foreclosure, is conclusory and speculative.  Plaintiff makes no allegations regarding whether he is current on his loan payments or whether foreclosure is warranted.  Moreover, Plaintiff makes no allegations that his injuries are the result of any conduct by Defendants.  Plaintiff's allegations are ambiguous and fail to tie Defendants to any threatened injury as required to state a claim for declaratory

---

[17] *Cummings v. State Farm Mut. Auto. Ins. Co.*, 323 F. App'x 847, 847 (11th Cir. 2009) (quoting *Atlanta Gas Light Co. v. Aetna Cas. and Surety Co.*, 28 F.3d 409, 414 (11th Cir. 1995).
[18] *Id.* (internal quotation marks and citation omitted).
[19] *Id.* (internal quotation marks and citation omitted).

5

relief.  "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."[20]

## CONCLUSION

In accordance with the foregoing, Defendants' Motion to Dismiss [Doc. 5] is hereby **GRANTED**, and Plaintiff's Complaint is hereby **DISMISSED**.

SO ORDERED, this 25th day of April, 2013.

        S/  C. Ashley Royal
        C. ASHLEY ROYAL, CHIEF JUDGE
        UNITED STATES DISTRICT COURT

SSH

---

[20] *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (citations omitted).